UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE NAVARRO,

        Plaintiff,

v.                     Case No.: 8:14-cv-1202-T-33AEP

DAVID M. KRAVETZ INC., d/b/a
SYNERGY LANDSCAPES, and
DAVIDE M. KRAVETZ, individually

        Defendant.

_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiff
Jorge Navarro's Motion to Remand (Doc. # 8), filed on June
17, 2014.  For the reasons stated below, the Court grants the
Motion.

**I.**   **Background**

    Navarro alleges that from November of 2011, to
approximately September of 2013, he worked as a driver and
foreman for Defendants Synergy Landscapes and David M.
Kravetz. (Doc. # 2 at ¶ 15-16). He purportedly worked more
than 40 hours per week without receiving compensation for his
overtime hours. (Id. ¶ 17).

    On January 3, 2014, Navarro filed his Complaint in the
Thirteenth Judicial Circuit, in and for Hillsborough County,
Florida, alleging overtime violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (<u>Id.</u> ¶ 20). Copies of the Complaint were served on Defendants on April 17, 2014. (Doc. # 1 at ¶ 10).

Defendants filed an untimely Notice of Removal on May 21, 2014, and removed the action to this Court based on federal question jurisdiction. (<u>Id.</u> ¶ 13-14).

Navarro filed a Motion to Remand the action on June 17, 2014. (Doc. # 8). Navarro objects to the untimely removal of this action.

## II. <u>Discussion</u>

"Federal courts are directed to construe removal statutes strictly . . . and employ a presumption in favor of remand to state courts." <u>Total Fleet Solutions, Inc. v. Nat'l Ins. Crime Bureau, Inc.</u>, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). "A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law." <u>Sibilia v. Makita Corp.</u>, 674 F. Supp. 2d 1290, 1291 (M.D. Fla. 2009). The statutory nature of removal requires that it be construed strictly in favor of state court jurisdiction. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941). The timing of removal is controlled by 28 U.S.C. § 1446(b)(1), which states:

The notice of removal of a civil action or

proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Defendants removed the action on May 21, 2014, but asserted in the Notice of Removal that "Copies of th[e] complaint were served on Defendants on April 17, 2014." (Doc. # 1 at ¶ 10).  Therefore, the Notice of Removal was filed more than thirty days after Defendants were served with the Complaint.

The Court does not have discretion to extend the thirty-day period mandated by § 1446(b)(1). See Torres v. AIG Claim Servs., Inc., 957 F. Supp. 1271, 1273 (S.D. Fla. 1997)("The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court.").  However, while the removal period is mandatory, it may be "waived by the parties by affirmative conduct or unequivocal assent." Liebig v. DeJoy, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993)(internal citation omitted).  In this case, Navarro did not waive the mandatory removal period and "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." Harris Corp. v. Kollsman, Inc., 97 F. Supp. 2d

1148, 1151 (M.D. Fla. 2000).

Based on the dates on which Defendants were served with the Complaint and the Notice of Removal was filed, the Court finds that Defendants' removal was untimely and grants Navarro's Motion to Remand.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff Jorge Navarro's Motion to Remand (Doc. # 8) is

   **GRANTED.**

(2)   The Clerk is directed to **REMAND** this case to the

   State Court and thereafter to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

19th day of June, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record